# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PHIEU VAN NGUYEN,<br><br>   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. C 11-4099-MWB<br>(No. CR 07-4068-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
 *A.  The Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
 *B.  The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
 *A.  Standards For § 2255 Relief* . . . . . . . . . . . . . . . . . . . . . . . . . 5
 *B.  Procedural Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *1. Preliminary matters* . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . 8
 *C.  Actual Innocence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
 *D.  Insufficient Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
 *E.  Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . 12

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

This case is before me on petitioner Phieu Van Nguyen's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on November 4, 2011. Nguyen raises several claims related to his conviction. The respondent denies that Nguyen is entitled to any relief on his claims.

### A. The Criminal Proceedings

On August 27, 2007, Nguyen was charged by a two-count Indictment (Crim. docket no. 1). Count one charged Nguyen with engaging in a continuing criminal enterprise. Count two charged Nguyen with conspiracy to manufacture, to possess with intent to distribute, and to distribute one thousand plants or more of marijuana. *See* Crim. docket no. 1. On October 19, 2007, Nguyen, by counsel, filed a Written Waiver Of Personal Appearance At Arraignment (Crim. docket no. 67), and entered a written plea of not guilty to both counts of the Indictment. On December 20, 2007, the government filed a Superseding Indictment (Crim. docket no. 87), adding counts 3 to 26, each a charge of money laundering. Nguyen, by counsel, signed and filed a Written Waiver Of Personal Appearance At Arraignment (Crim. docket no. 104), which contained a plea of not guilty to all counts of the Superseding Indictment. On December 31, 2007, then Chief United States Magistrate Judge Paul A. Zoss entered an Order accepting the waiver of the appearance of Nguyen and entering his plea of not guilty to each count. *See* Crim. docket no. 105.

On January 24, 2008, the government filed a Second Superseding Indictment (Crim. docket no. 128). Count 1 of the Second Superseding Indictment remained the same as count 1 of the Superseding Indictment. Count 2 of the Second Superseding Indictment was changed to add additional defendants and the fact that the conspiracy allegedly occurred near various schools and parks. Counts 3 to 8 of the Superseding Indictment were removed, and counts 9 to 14 of the Superseding Indictment were renumbered as counts 3 to 8 of the Second Superseding Indictment. Counts 15 to 16 of the Superseding Indictment were renumbered as counts 9 to 10 of the Second Superseding Indictment, and counts 17 to 26 of the Superseding Indictment were revised and renumbered as counts 11 to 20 of the Second Superseding Indictment. *See* Crim. docket no. 142. On February 4, 2008, Nguyen filed a Written Waiver Of Personal Appearance At Arraignment, with an Order, signed by Judge Zoss, waiving Nguyen's personal appearance and entering his plea of not guilty to all counts of the Second Superseding Indictment. *See* Criminal docket no. 158.

On August 11, 2008, Nguyen appeared before me and pled guilty to count two of the indictment. *See* Crim. docket no. 306. On October 12, 2008, the government filed a Motion To Dismiss (Crim. docket no. 312), counts 11 to 20 of the Second Superseding Indictment. On August 14, 2008, I entered an Order (Crim. docket no. 322), granting the government's motion to dismiss counts 11 to 20 of the Second Superseding Indictment.

Nguyen proceeded to a jury trial on August 19, 2008, on count one and counts three through ten of the Second Superseding Indictment. *See* Crim. docket no. 338). On August 29, 2008, the jury entered a verdict of guilty on count one, and counts five through nine of the Second Superseding Indictment, and acquitted Nguyen of counts three and four of the Second Superseding Indictment. *See* Crim. docket no. 353).

Nguyen, by counsel, filed a Motion For Downward Departure And Downward Variance (Crim. docket no. 450) on November 19, 2008, based on his extraordinary

employment record, his close family ties, and his family responsibilities. Nguyen appeared before me on November 24, 2008, for a sentencing hearing on counts 1 and counts 5 through 10 of the Second Superseding Indictment. *See* Crim. docket no. 461. Count two of the Second Superseding Indictment had been vacated on motion of the United States, and Nguyen had been acquitted of the other counts. I found that Nguyen's criminal history category was 1, with zero criminal history points. *See* Sent. Trans. at 5. I determined that Nguyen's total offense level was 40 and found that the advisory guideline range in Nguyen's case was 292 to 365 months. *See* Sent. Trans. at 26. I then granted a downward variance and sentenced Nguyen to 240 months, consisting of 240 months on Count one and 120 months each, on Counts 5, 6, 7, 8, 9 and 10 of the Second Superseding Indictment to be served concurrently. *See* Crim. docket no. 473.

Nguyen, by counsel, filed a Notice of Appeal (Crim. docket no. 474) to the United States Court of Appeals for the Eighth Circuit on December 2, 2008, challenging both his conviction and the forfeiture order in his case. On April 2, 2010, the Eighth Circuit Court of Appeals affirmed Nguyen's conviction and affirmed in part and reversed in part my forfeiture order in the case. *See* Crim. docket no. 584.

### B. *The § 2255 Motion*

On November 4, 2011, Nguyen filed a *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1). On August 30, 2012, counsel appointed to represent Nguyen on this Motion, filed a Report To The Court (Crim. docket no. 16), stating that he had nothing additional to provide in support of Nguyen's Motion. The Respondent filed a Government's Response and Memorandum In Support Of Government's Response To Defendant's Motion (Civ. docket no. 18) on September 28, 2012.

## II. LEGAL ANALYSIS

### A. Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780.

5

One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration

6

"'that, in light of all the evidence, it is more likely than not that no reasonable juror would Have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

With these standards in mind, I turn to analysis of Nguyen's claims for § 2255 relief.

### B. Procedural Matters

#### 1. Preliminary matters

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. On the other hand, an evidentiary hearing is necessary where "'the court is presented with some reason to question the evidence's credibility.'" *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998); *id.* at 1033 n.6 (also quoting 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994), made applicable to § 2255 by reference, as stating, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."); *see also Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir.

7

2001) (holding that the district court abused its discretion in not holding an evidentiary hearing on a § 2255 claim of failure to call alibi witnesses, because the record before the district court "contained sharply conflicting evidence"). Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro*, 538 U.S. at 500, that does not mean that an evidentiary hearing is required for every ineffective assistance claim presented in a § 2255 motion.

In this case, I conclude that no evidentiary hearing is required on any issue because the record conclusively shows that Nguyen's allegations either cannot be accepted as true, because they are contradicted by the record, or because, even if Nguyen's allegations were accepted as true, they would not entitle him to relief. *Buster*, 447 F.3d at 1132. "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (citing *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (internal quotations and citation omitted)).

### 2. *Procedural default*

Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). "[C]ause and prejudice" to overcome such default may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d

8

1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

Upon thorough review of the pleadings in this matter, and having construed Nguyen's pleadings liberally, I cannot find that Nguyen has raised a claim of ineffective assistance of counsel that will overcome his procedural default.

Nguyen asserts, without argument, that (1) he should be able to "redress" his conviction of engaging in a Continuing Criminal Enterprise, and (2) that he was prejudiced "because he was charged simultaneously with the offense of CCE and conspiracy to manufacture marijuana in light of Congress' intent for said offenses to be separate." He does not state, however, how his trial attorney provided ineffective assistance of counsel, with regard to these claims. Motion at 4. Nguyen's Motion, with regard to both of these claims, is simply insufficient to raise any issue as to whether this conviction was a result of any failure of trial counsel. *See Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001) (lack of specificity prevents analysis of ineffective assistance). Further, Nguyen did not raise this claim in his direct appeal. Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). Because Nguyen has not shown cause and prejudice and did not raise these claims on direct appeal, they are procedurally defaulted.

Nguyen appears to raise six other grounds for consideration in his Motion, but states that they are grounds that were raised and decided on appeal. At no point in his pleadings, does Nguyen assert that these claims are related to ineffective assistance of counsel. "With rare exceptions, § 2255 may not be used to religate matters decided on direct appeal. *See Sun Bear v. United States,* 644 F.3d 700, 702 (8th Cir. 2011) (quoting *Davis v. United*

*States*, 417 U.S. 333, 346-47 (1974)). Nguyen's claims that were presented, argued, and adversely decided on appeal are procedurally barred in this proceeding.

I will consider Nguyen's remaining claim of "actual innocence" to see if it provides a "gateway" for consideration of his defaulted claims or an independent ground for relief.

### C. Actual Innocence

Nguyen, *pro se*, appears to assert a claim of actual innocence. Motion at 4. Respondent asserts that this claim is procedurally barred because Nguyen did not raise this claim on appeal. Response at 5. Additionally, Respondent argues, Nguyen offers no evidence in support of this claim. Response at 5.

I note that there is a difference between a "gateway claim" and a "freestanding claim" of actual innocence. *See House v. Bell*, 547 U.S. 518 (2006). A gateway claim of actual innocence, as previously recognized by the Supreme Court, exists when a petitioner attempts to avoid a procedural bar that would otherwise preclude him or her from bringing other claims. *See House,* 547 U.S. at 536-537; *Bousley v. United States*, 523 U.S. 614, 623 (1998). A claim of actual innocence serves as a gateway for the petitioner to argue his or her other claims before the habeas court. *Id*. Thus, it is a complement to the "cause and prejudice" standard that permits a petitioner to raise an otherwise procedurally barred claim. *See McNeal*, 249 F.3d 747, 749 (8th Cir. 2001) ("A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence."). A freestanding claim of actual innocence, on the other hand, is a petitioner's attempt to prove his or her innocence outright. *See House*, 547 U.S. at 554-55; *see also Herrera v.Collins*, 506 U.S. 390, 417 (1993)

(recognizing the possibility of such a claim). A successful freestanding claim of actual innocence would render any procedural bar irrelevant.

A freestanding claim of actual innocence, however, has never been explicitly recognized by the Supreme Court. *See id*. at 555. The Supreme Court concluded, in *House*, "that whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it." *Id*. The Court further established that the standard for any freestanding innocence claim would be "extraordinarily high." *Id*. (quoting *Herrera*, 506 U.S. at 417). While the Court did not further explain what an "extraordinarily high" standard would consist of, the Court did indicate that this standard would be higher than the standard for a successful "gateway" innocence claim. *Id*. ("The sequence of the Courts decisions in *Herrera* and *Schlup v. Delo*, 513 U.S. 298, 324,(1995), first leaving unresolved the status of freestanding claims and then establishing the gateway standard, implies at least, that *Herrera* requires more convincing proof of innocence than *Schlup*.").

While the standard for a "gateway" innocence claim is less demanding than its counterpart, it is still very strict. A petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 536-537. Thus, first, a petitioner must present "new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Id*. at 537 (quoting *Schlup*, 513 U.S. at 324). Armed with such evidence a petitioner may then attempt to meet the "demanding" standard that "permits review only in the extraordinary case." *Id*. at 537 (quoting *Schlup*, 513 U.S. at 327).

In this case, I will assume the defendant has made both kinds of "actual innocence" claims. However, Nguyen has not offered any evidence supporting this claim. Rather,

he merely states that he is actually innocent. Motion at 4. The lack of any new evidence, alone, is enough to deny Nguyen's claim when characterized as an "actual innocence" claim, either as a "gateway" claim or as a "freestanding" claim. *See House*, 547 U.S. at 537. For these reasons, Nguyen's claim of "actual innocence" fails.

### D.  *Insufficient Evidence*

If this claim is construed as a claim of insufficient evidence, rather than one of actual innocence, Nguyen is procedurally barred from making such a claim because he did not raise it on direct appeal. Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). Therefore, even when construed as a claim of insufficient evidence, this claim fails.

### E.  *Certificate Of Appealability*

Denial of Nguyen's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Nguyen has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Nguyen's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Nguyen does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, Nguyen's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 19th day of March, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA